Jones, J.
In its order of certification the conrt of appeals said: “This court being of the opinion that since this is an action for alimony alone the court has no power to make a division of the property held by the husband.” That court also stated that the power of the trial court was confined “to an allowance for support and maintenance of the wife so long as the parties live separate and apart, even if the property held by the husband be considered owned by the husband and wife, jointly.”
This court is committed to the principle that in divorce and alimony proceedings the court in awarding alimony is controlled by statute, and is not authorized to exercise general equity powers. (DeWitt v. DeWitt, 67 Ohio St., 340, 350, and Marleau v. Marleau, 95 Ohio St., 162.) In the latter case the syllabus is short and concise: “A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective.” We there decided that proceedings in alimony were not chancery cases within the meaning of our present constitution, and that the incidental relief by way of injunction did not convert the character of the proceeding into one of chancery jurisdiction.
The question involved here is whether upon petition by the wife for alimony alone the court is authorized by statute to award a division of the husband’s property, or whether it is confined to making an allowance for her support and maintenance. The solution of the question depends upon the construction of the statutes relating to the award of all- *10 mony. It must be confessed that the legislature has used the term in a more extensive sense than defined by the lexicographers or the courts. All of the dictionaries define “alimony” as maintenance, nourishment or means of support. A comprehensive definition is; thus given in 1 Buling Case Law, 864: “Alimony, which signifies literally nourishment or sustenance, is the allowance which a husband may be compelled to pay to his wife for her maintenance when she is living apart from him, or has been divorced.”
In cases where the wife files her petition for alimony alone the legislature has adhered to this definition. Section 11998, G-eneral Code, provides: “Upon satisfactory proof of any of the charges in the petition, the court shall make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just, and give judgment in favor of the wife for such alimony out of her husband’s property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments.”
An examination into the history of this section discloses that when originally enacted (S. & C., 514, 51 O. L., 377 [380], Section 11), and until its change by codification, the word “petition” in the present section was qualified by the words “for alimony alone” and that its benefits were intended to apply only where the wife petitioned simply for alimony. Were it otherwise, there would have been no necessity of providing for the disposition and maintenance of children, for this was definitely provided for in former sections when divorce was granted. Fur *11 thermore, alimony is awarded to the wife only. Under this section the authority of the court is much more limited than when dealing with alimony, so called, where divorce has been granted. Unless there is an agreement sanctioned by a decree the court has no authority to cut off dower or deny her the rights in his property accruing under the laws of inheritance. Though a legal separation has: been adjudged, the marital relations still subsist. There may be future reconciliation where the wife may occupy her former status and claim the support which the law gives. It is otherwise when a divorce has been granted. The legislature has recognized this distinction between divorce and mere separation. When divorce is granted there is a dissolution of the marital contract. Dower in the other’s lands, is barred to the husband or wife aggressing. In divorce the trial court is given a wide latitude of discretion in the allowance of what the statute terms alimony, the court being permitted upon finding who is the aggressor to award the one aggrieved either a share of the other’s property, or alimony out of real or personal property, based not only upon requirements of support and maintenance, but with regard to the property which came to one or the other by marriage, and the value of the real and personal estate held by such person at the time of divorce. Those sections contemplate a final dissolution of the marriage contract and a final termination of the marital relation. The award, whether denominated alimony or share of the property, is made only where divorce has been obtained.
But • Section 11998, General Code, is much more limited in its grant of authority. It provides for *12 “judgment in favor of the wife for such alimony out of her husband’s property as is equitable. ’ ’ The non-inclusion of the husband as statutory beneficiary where no divorce is granted would seem to show conclusively that no division of property was contemplated, except when the parties were divorced. In Gilbert v. Gilbert, 83 Ohio St., 265, Johnson, J., recognizing this distinction, said, at page 269: “It must be noted that alimony in a suit for alimony alone is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists * * * while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties,” etc.
We are satisfied that where the proceeding is one for alimony alone the wife cannot invoke the benefits of Sections 11990 and 11993, General Code, which accrue to a party only when divorce is granted.
Counsel for plaintiff in their brief claim that ‘ ‘ The only question presented to this court for review is: Has the trial court the power under Sec. No. 11998 of The General Code to make a division of the property or is it confined, merely to an allowance for support and maintenance?”- In the reply brief, however, it is intimated that Section 11999, General Code, authorizes such division. This section authorizes only the restoration of the wife’s lands. It was not designed to nor does it authorize an equitable division of the husband’s property.
The common pleas court awarded the plaintiff a gross sum of $500 ¡and $75 per month, payable monthly, as long as the parties lived separate and *13 apart, and it reserved jurisdiction to modify the installment payments as future necessities might require.
The judgments of the lower courts are affirmed.

Judgments affirmed.

Johnson, Hough, Wanamakrk, Robinson and Matthias, JJ., concur.